IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BERRY CONTRACTING, LP | § | |
| d/b/a BAY, LTD. | § | |
| | § | |
| v. | § | Civil Action No. C-08-312 |
| | § | |
| M/V ARIES SWAN, | § | |
| IMO NUMBER 9319985 | § | |
| *Its Engines, Tackle, Furniture,* | § | |
| *Apparel, Etc., In Rem* | § | |

**ORDER**

This is an action filed by plaintiff Berry Contracting, LP pursuant to Supplemental Rule C for Admiralty or Maritime Claims, asserting a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Pending is Surface Production Systems Inc.'s ("SPS") motion to intervene. (D.E. 12). SPS also filed a verified complaint related to its motion to intervene. (D.E. 13). Pending also is SPS's motion for an order authorizing a warrant of arrest. (D.E. 14). Finally, pending is SPS's motion to deposit a cash sum into the Court's registry. (D.E. 15). On October 15, 2008, a hearing was held regarding these motions.

**I.    BACKGROUND**

Plaintiff sought to arrest M/V ARIES SWAN. On September 30, 2008, an order was issued authorizing a warrant to arrest the vessel. (D.E. 6, 7). Pursuant to the arrest of the vessel, plaintiff declined to seek a substitute custodian. Plaintiff's counsel estimated that custodial costs are about $500 per day. Originally, plaintiff deposited $10,000 with the United States Marshal for custodial costs. If plaintiff had sought a substitute custodian, the deposit would have only been $5,000. Plaintiff's counsel indicated that these funds are almost depleted.

SPS asserts that it "is the owner of certain equipment located aboard the M/V ARIES SWAN." (D.E. 12, at 1). This equipment is welded onto the vessel. During the hearing, SPS estimated that the value of this equipment was approximately $5 million. Plaintiff estimates its claim against the vessel as approximately $7 million. The parties estimated the value of the vessel at approximately $70 million.

## II.      MOTION TO INTERVENE

SPS seeks to intervene as a matter of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. (D.E. 12, at 1). Plaintiff acknowledges that SPS is an interested party. (D.E. 11, at 2). In its response, plaintiff does not oppose SPS's intervention, but instead seeks to have "SPS share equally the custodial costs going forward if SPS wants to intervene in Berry Contracting's seizure." (D.E. 15, at 1). Accordingly, SPS's motion to intervene, (D.E. 12), is GRANTED.

## III.     MOTION FOR AN ARREST WARRANT

In SPS's motion for an order authorizing a warrant of arrest, it seeks to arrest equipment aboard the vessel pursuant to Supplemental Rule D for Admiralty or Maritime Claims. (D.E. 14). Plaintiff does not dispute that SPS should be granted an arrest warrant. The conditions for an action in rem under Supplemental Rule D appear to exist. Accordingly, SPS's motion for an order authorizing a warrant of arrest, (D.E. 14), is GRANTED. It is further ORDERED that SPS is barred from removing the equipment from the vessel without an express order by this Court.

## IV.     DIVISION OF CUSTODIAL COSTS.

SPS argues that as an intervenor, it should have to deposit with the United States Marshal Service only $1,000. (D.E. 12, at 1-2). It does not cite any case law to support its position.

Plaintiff argues that SPS should pay an equitable portion of custodial costs. (D.E. 16, at 1). It cites Beauregard, Inc. v. Sword Services, LLC,107 F.3d 351 (5th Cir. 1997) to support its position. (D.E. 16, at 1).

In Beauregard, the Fifth Circuit held that a district court may condition an intervenor's intervention in an admiralty action based upon a sharing of the custodial costs. 107 F.3d at 352. SPS argues that it is simply seeking to arrest equipment that it owns as opposed to arresting the vessel. Of course, as counsel for SPS concedes, the arrest of any equipment would normally require the arrest of the vessel. The first party to arrest the vessel should not be wholly liable for the custodial expenses where there are multiple claimants. See id. at 353 (citing Donald D. Forsht Assocs., Inc. v. Transamerica ICS, Inc., 821 F.2d 1556, 1561 (11th Cir. 1997)).

Here, SPS would have had to shoulder the expense of arresting the vessel and paying all of the custodial costs, if it arrested the vessel first to protect any claims it has. Clearly, it must pay a portion of the custodial costs, but the issue is what amount is equitable. On the other hand, plaintiff has increased the costs based on its decisions to forgo a substitute custodian. There is no evidence regarding the exact difference in custodial costs, but the United States Marshal requires $10,000 instead of $5,000 as a deposit when there is no substitute custodian. Moreover, the amount at issue claimed from defendant is higher for plaintiff than SPS. Accordingly, it is ORDERED that when the current deposit is depleted that plaintiff will pay 80% of the custodial costs and SPS will pay 20% of the custodial costs with a deposit of $8,000 and $2,000 respectively.[1]

---

[1] This ratio will continue as long as the vessel is held in custody based upon claims by both plaintiff and SPS. Of course, if SPS is granted permission to remove the equipment, then it will no longer be responsible for custodial costs related to the vessel.

## V.      MOTION REGARDING DEPOSIT OF CASH

Finally, pending is SPS's motion styled "Ex Parte Motion To Deposit Cash Sum Into The Registry Of The Court In Lieu Of A Bond For Costs." (D.E. 15). The motion reads in its entirety: "NOW INTO COURT, through undersigned counsel, comes Surface Production Systems, Inc., and suggests to this Honorable Court that it desires to deposit the cash sum of $250.00 into the registry of the Court in lieu of bond for costs." Id. During the hearing, counsel for SPS was unable to explain the purpose of this motion. First, counsel indicated that the motion was contemplated by Rule D, but then acknowledged that Rule did not address either a bond or costs. After a recess, SPS's counsel indicated that the costs were for the costs of filing the motion. Because counsel was unable to explain the purpose of this motion, SPS's motion to deposit a cash sum into the Court's registry, (D.E. 15), is DENIED without prejudice.

ORDERED this 16th day of October 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE